William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017
Tel.: (213) 622-3003/Fax: (213) 622-3053

Mark A. Cantor (MI Bar No. P32661)
Rebecca J. Cantor (MI Bar No. P76826)
mcantor@brookskushman.com
rcantor@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel.: (248) 358-4400/Fax: (248) 358-3351

*Attorneys for Plaintiff*
*Kitsch LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Kitsch LLC, a California company,<br><br>Plaintiff,<br>v.<br><br>DEEJAYZOO, LLC, a New York company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL** |

COMPLAINT

# COMPLAINT FOR DECLARATORY JUDGMENT
# AND JURY DEMAND

Plaintiff Kitsch LLC ("Kitsch"), by and through its undersigned counsel, for its Complaint against DEEJAYZOO, LLC ("DEEJAYZOO" or "Defendant"), states as follows:

## I.     PARTIES

1.     Plaintiff Kitsch is a Limited Liability Company organized under the laws of California, having a principal place of business at 307 N. New Hampshire, Los Angeles, California 90004.

2.     On information and belief, Defendant DEEJAYZOO, LLC is a Limited Liability Company organized under the laws of the State of New York, having a principal place of business at 337 Kent Avenue, Brooklyn, New York 11249.

## II.     JURISDICTION AND VENUE

3.     As detailed below, an actual case or controversy exists between Kitsch and the Defendant as to whether Kitsch has infringed or is infringing one or more valid and enforceable claims of U.S. Patent No. 10,021,930 (the "'930 Patent"), U.S. Design Patent No. D775,792 (the "'792 Patent"), whether Kitsch has infringed U.S. Trademark Registration No. 5,208,472 (the "'472 Registration"), and whether the '930 Patent, '792 Patent, and/or '472 Registration are invalid.

4.     The Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.     Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events and omissions giving rise to Kitsch's claims occurred in this District.

6. A case or controversy exists between Kitsch and Defendant because Defendant has accused Kitsch and its customers of patent and trademark infringement and has threatened litigation.

7. Upon information and belief, Defendant does business in this state and in this District.

### III. FACTUAL BACKGROUND

**A. Kitsch and Kitsch's Shower Cap Products**

8. Kitsch is a leading accessories manufacturer with products including, hair ties, headbands, and jewelry, including rings, necklaces, earrings and other fashion accessories. Today, Kitsch products can be found in over 2,000 locations worldwide and has sold to large retailers such as Nordstrom, Anthropologie, Free People, Kitson, Urban Outfitters, Paper Source, W Hotels, Francesca's and more. Kitsch additionally operates an e-commerce website that serves thousands of retail customers worldwide.

9. One of the many accessories Kitsch designed and manufactures is a fashion shower cap, an example of which is shown below:



10. Among other venues, Kitsch advertises and sells its shower caps at Paper Source and Urban Outfitters.

11. When Kitsch first began selling its shower caps, it used the descriptive phrase "the shower cap reinvented" to describe the products. Kitsch has ceased its use of this phrase.

**B.    Defendant's Wrongful Conduct**

12. DEEJAYZOO is a competitor of Kitsch that also sell shower caps.

13. DEEJAYZOO is the owner of the '930 Patent, which was filed on August 27, 2015 and matured into a patent on July 17, 2018. *See* Exh. 1. The '930 Patent claims priority to the '792 Patent.  The '930 Patent, entitled "Noise Reducing Water Resistant Headpiece," seven claims that are generally directed towards a shower cap. *Id*. Claim 1 is the only independent claim of the '930 Patent, and the remaining claims each depend from claim 1. Claim 1 is reproduced below:

> A covering apparatus comprising:
>
> a unitary material;
>
> a grip;
>
> an elastic member;
>
> a gathered band; and
>
> an elongated band;
>
> wherein the gathered band and the elongated band are of a unitary construction;
>
> wherein the gather band and the elongated band are attached to a periphery of the covering apparatus;
>
> wherein the elastic member is enclosed within the gathered band;
>
> wherein the unitary material comprises an outer layer and an inner layer;
>
> wherein the outer layer comprises a fabric;

wherein the outer layer is water repellent;

wherein the inner layer is polyurethane;

wherein the covering apparatus comprises a plurality of folds;

wherein the plurality of folds culminate in a point at a front of the covering apparatus above the elongated band;

wherein the elastic member is located at a rear of the covering apparatus;

and wherein the covering apparatus is a shower cap.

*Id.*

14. The Kitsch shower cap does not meet many of the limitations of the '930 Patent. For example, the grip and elongated band in the Kitsch shower cap are not of unitary construction but are instead made from two distinct pieces of fabric as shown below:




Similarly, the folds in the Kitsch shower cap do not culminate in a point in the front of the shower cap, but rather end at different points around the perimeter in the front of the shower cap as shown below:

The Kitsch shower caps are also made of a single layer of fabric, not two layers as required by the claims. The foregoing are non-limiting examples of the reasons for which the Kitsch shower cap does not infringe the '930 Patent.

15.  DEEJAYZOO is also the owner of the '792 Patent, which was filed on October 10, 2014 and matured into a patent on January 10, 2017. *See* Exh. 2. The '792 Patent, entitled "Noise Reducing Water Resistant Headwear Cap," lists a single claim for "the ornamental design for a noise reducing water resistant headwear cap" as illustrated in the patent. *Id.*

16.  Unlike utility patents that protect the manner in which a product is used and functions (35 U.S.C. §101), design patents only protect the way a product looks,



Folds End at Multiple Points



FIG. 1

Folds End at Single Point

i.e., the ornamental design characteristics embodied in or applied to the product (35 U.S.C. §171). The scope of protection afforded under a design patent is limited to the ornamental aspects of the claimed article alone and does not extend to any of the article's functional elements.

17. The '792 Patent discloses an article that is entirely functional, given that the entire shower cap is designed to "provide[] a more relaxing shower experience by reducing the volume experienced by a user of said shower cap." *See* Exh. 1 at col. 1, ll. 15-16. The functionality of the shower cap claimed in the '792 Patent is confirmed by the fact that Defendant claimed all of the purportedly "ornamental" features in the '930 Patent, including the material (and that the material can comprise "a plurality of digitally sublimated designs"), the grip (and the material from which the grip is made), the elastic band, the elongated band, the gathered band, the folds which "culminate in a point at a front of the covering apparatus." *Id* at Claims.

18. Even if the '792 Patent did claim non-functional material, which it does not, the Kitsch shower cap would still not infringe the '792 Patent because an ordinary observer would not consider the design in the '792 Patent and the design of the Kitsch show cap to be substantially the same. This is because, as shown below, in the design of the '792 patent, the folds in the front of the shower cap cover the majority of the band around the bottom of the shower cap, the folds are equally spaced around the front of the shower cap, and the band around the bottom of the shower cap is significantly smaller. The Kitsch shower cap does not contain any of these features:



19. DEEJAYZOO has stated that it is the owner of the '472 Registration for THE SHOWER CAP REINVENTED. *See* Exhs. 3 and 4. The application that led to the '472 Registration was filed on September 27, 2016 and the '472 Registration issued on May 23, 2017.

20. The mark of the '472 Registration, THE SHOWER CAP REINVENTED" is descriptive because it describes precisely what Defendant has claimed to do, *i.e.*, reinvent the shower cap. As such, THE SHOWER CAP REINVENTED is only protectable upon a showing of secondary meaning. Here, the SHOWER CAP REINVENTED has not obtained secondary meaning and, as such, is not protectable.

21. The mark of the '472 Registration also fails to function as a trademark because it is not used to identify the source of Defendant's products.

22. In addition, even if the mark of the '472 Registration is registrable, which it is not, there is no likelihood that consumers would be confused between the Kitsch shower cap and Defendant's product.

23. On or around July 19, 2018, Defendant, through its attorneys, sent a letter to Kitsch accusing Kitsch of infringing the '930 Patent, '792 Patent, and '472 Registration. *See* Exh. 4. The letter also stated that "DEEJAYZOO vigorously defends its valuable intellectual property rights." *Id*.

24. On or around August 8, 2018 Kitsch responded to Defendant's July 19, 2018 letter explaining why Defendant's allegations were unfounded. *See* Exh. 5.

25. On or around August 28, 2018, Defendant responded to Kitsch's August 8, 2018 letter stating, *inter alia*, "[a]bsent Kitsch's confirmation that it has ceased the marketing and sale of its infringing products, DEEJAYZOO ***will be forced to explore its alternatives***." *See* Exh. 6 (emphasis added).

26. On or around December 18, 2018, Defendant again threatened Kitsch with litigation by sending an email stating "Deejayzoo expects nothing less than

complete cessation of the sale of the infringing products and is prepared to enforce its rights as necessary." *See* Exh. 6.

27. Defendant continued its threatening behavior towards Kitsch by sending cease and desist letters to at least two of Kitsch's clients—Paper Source and Urban Outfitters. *See* Exhs. 7 and 8, respectively. In the letter to Paper Source, Defendant repeated its statement that "DEEJAYZOO vigorously defends its valuable intellectual property rights." Exh. 7. And in the letter to Urban Outfitters, Defendant stated that Defendant intended to "obtain relief from a proper tribunal regarding Kitsch's infringement." Exh. 8.

28. In light of Defendant's repeated threats of litigation against Kitsch, an actual case or controversy exists between the parties.

## IV.   COUNT I
## DECLARATION OF NON-INFRINGEMENT

29. Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

30. As described herein, Kitsch is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '930 Patent.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that Kitsch does not and has not infringed the '930 Patent.

## V.   COUNT II
## DECLARATION OF PATENT INVALIDITY

32. Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

33. The claims of the '930 Patent are invalid under 35 U.S.C. §§102, 103 and 112.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that the '930 Patent is invalid.

## VI. COUNT III
## DECLARATION OF NON-INFRINGEMENT

35. Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

36. As described herein, Kitsch is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '729 Patent.

37. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that Kitsch does not and has not infringed the '729 Patent.

## VII. COUNT IV
## DECLARATION OF PATENT INVALIDITY

38. Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

39. The claims of the '729 Patent are invalid under 35 U.S.C. §§102, 103 and 112.

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that the '729 Patent is invalid.

## VIII. COUNT V
## DECLARATION OF NON-INFRINGEMENT

41. Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

42. As described herein, there is no likelihood of confusion between Kitsch's former packaging and the mark of the '472 Registration.

43. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that Kitsch does not and has not infringed the '472 Registration.

## IX. COUNT VI
## DECLARATION OF TRADEMARK INVALIDITY

44. Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

45. The '472 Registration is invalid under 15 U.S.C. § 1052(e)(1) and or 15 U.S.C. §§ 1051, 1053, and 1127.

46. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that the '72 Registration is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A declaration that Kitsch does not infringe and has not infringed any claims of the '930 Patent or '792 Patent;

b. A declaration that the '930 Patent and '792 Patent are invalid under 35 U.S.C. §§102, 103 and 112;

c. A declaration that Kitsch does not infringe the '472 Registration;

d. A declaration that the '472 Registration is invalid;

e. A declaration that this is an exceptional case and award Kitsch its costs, disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117; and

f. Such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 4, 2019 | Respectfully submitted, |
| 3 | | By: /s/ William E. Thomson, Jr. |
| | | William E. Thomson, Jr. SBN 47195) |
| 4 | | Mark A. Cantor (MI BAR No. P32661) |
| | | Rebecca J. Cantor (MI Bar No. P76826) |
| 5 | | wthomson@brookskushman.com |
| | | mcantor@brookskushman.com |
| 6 | | rcantor@brookskushman.com |
| | | **BROOKS KUSHMAN P.C.** |
| 7 | | 601 S. Figueroa Street, Suite 2080 |
| | | Los Angeles, CA 90017 |
| 8 | | Tel.: (213) 622-3003/Fax: (213) 622-3053 |
| 9 | | *Attorneys for Plaintiff* |

COMPLAINT                    11

## JURY DEMAND

Plaintiff Kitsch LLC demands trial by jury of all issues in this action so triable.

Dated: April 4, 2019

Respectfully submitted,

By: /s/ William E. Thomson, Jr.
William E. Thomson, Jr. SBN 47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017
Tel.: (213) 622-3003/Fax: (213) 622-3053

Mark A. Cantor (MI Bar No. P32661)
Rebecca J. Cantor (MI Bar No. P76826)
mcantor@brookskushman.com
rcantor@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400/Fax: (248) 358-3351

*Attorneys for Plaintiff*