Vivek Jayaram (Pro Hac Vice)
vivek@jayaramlaw.com
JAYARAM LAW, INC.
125 S. Clark Street, Suite 1175
Chicago, IL 60603

Christian Anstett (SBN 240179)
Anstett.law@gmail.com
A Eric Bjorgum (SBN 198392)
eric.bjorgum@kb-ip.com
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070

Matthew R. Gershman (SBN 253031)
gershmanm@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East
Los Angeles, CA 90067

Jonathan E. Giroux (Pro Hac Vice)
girouxj@gtlaw.com
Herbert H. Finn (Pro Hac Vice)
finnh@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive Suite 3100
Chicago, IL 60601

*Attorneys for Defendant Deejayzoo, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Kitsch LLC, a California company,<br><br>       Plaintiff/Counter-Defendant,<br><br>v.<br><br>DEEJAYZOO, LLC, a New York company,<br><br>       Defendant/Counter-Plaintiff. | Case No.  2:19-cv-02556-JAK-RAO<br><br>**DEFENDANT'S FIRST AMENDED COUNTERCLAIMS TO SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL** |

Defendant Deejayzoo, LLC ("Deejayzoo") hereby submits these First Amended Counterclaims to Plaintiff Kitsch LLC's ("Kitsch") First Amended Complaint for Declaratory Judgment ("FAC").

## THE PARTIES

1.      Counterclaim Plaintiff Deejayzoo, LLC is a Limited Liability Company organized under the laws of the state of New York with a principal place of business at 337 Kent Avenue, Brooklyn, New York 11249.

2.      On information and belief, Counterclaim Defendant Kitsch LLC is a Limited Liability Company organized under the laws of California, having a principal place of business at 307 N. New Hampshire, Los Angeles, California 90004.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271, 18 U.S.C. § 1836(c), and 28 U.S.C.  §§ 1331, 1338(a), (b), 1367, and 1400(b).

4.      This Court has personal jurisdiction over Kitsch, because Kitsch is present, doing business and/or residing in this District, because Kitsch has committed tortious acts and violated Deejayzoo's intellectual property rights in this District, because Kitsch knew or should have known that such conduct would cause injury to Deejayzoo in the State of California, and because Kitsch filed a complaint to begin this action.

5.      Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## DEEJAYZOO'S HEADPIECE PRODUCTS

6.      Deejayzoo develops, designs, produces, and sells fashion-forward, high-quality headpieces that are marketed and distributed under the federally registered he THE SHOWER CAP REINVENTED mark.  Before the introduction of Deejayzoo's products, headpieces for use in the shower were typically unattractive, uncomfortable, and loud. Deejayzoo vastly improved these tired old headpieces by introducing noise-dampening materials and inventing a construction with a comfort band, stylish design, and attractive prints suitable for wear outside in public.  In so doing, Deejayzoo created an entirely new

product niche: the fashionable, reusable, comfortable headpiece, i.e. shower caps.

7.     Deejayzoo markets and sells its shower caps through various websites and retail outlets, such as Sephora and Neiman Marcus.  Deejayzoo has received acclaim for its revolutionary shower caps recognizing that Deejayzoo represented a novel, fresh take on the shower cap.

8.     Deejayzoo has invested substantial resources to obtain trademark, patent, and other intellectual property rights to protect its place in the fashionable, reusable headpiece market—the very market that Deejayzoo itself created and cultivated.  Deejayzoo is the holder of United States patents and trademark registrations relating to and covering its SHHHOWERCAP product.

## DEEJAYZOO'S VALUABLE TRADEMARK RIGHTS

9.     Deejayzoo develops, designs, produces, and sells fashion-forward, high-quality headpieces that are marketed and distributed under the trademark SHHHOWERCAP (the "SHHHOWERCAP Mark") and the federally registered trademark THE SHOWER CAP REINVENTED("THE SHOWER CAP REINVENTED Mark").

10.     Before the introduction of Deejayzoo's products, shower caps were typically unattractive, uncomfortable, and loud.  Deejayzoo vastly improved these tired old headpieces by introducing noise-dampening materials and inventing a construction with a comfort band, stylish design, and attractive prints suitable for wear outside in public.  In so doing, Deejayzoo created an entirely new product niche: the fashionable, reusable, comfortable headpiece.

11.     Deejayzoo owns and uses several valuable trademarks, including the SHHHOWERCAP Mark and THE SHOWER CAP REINVENTED Mark.

12.     Since at least as early as December 6, 2015, Deejayzoo and its predecessor in interest has used and continues to use the THE SHOWER CAP REINVENTED Mark in conjunction with its innovative and unique headpieces.

13.     Since at least as early as December 6, 2015, Deejayzoo has used and

continues to use the SHHHOWERCAP Mark in conjunction with its innovate and unique headpieces on a nationwide basis.

14.     An example of use of the THE SHOWER CAP REINVENTED Mark by Deejayzoo is on packaging for its SHHHOWERCAP product, shown below:



15.     On May 23, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Registration No. 5,208,472 for THE SHOWER CAP REINVENTED Mark.

16.     Deejayzoo is the owner of all right, title and interest in and to the THE SHOWER CAP REINVENTED Mark and has the right to sue for infringement of the THE SHOWER CAP REINVENTED Mark.

17.     Deejayzoo is the owner of all right title and interest in and to the SHHHOWERCAP Mark and has worked tirelessly to establish significant goodwill and recognition with its mark.

## DEEJAYZOO'S PATENT RIGHTS

18.     On October 10, 2014, design patent application no. 29/504,909, entitled "Noise Reducing Water Resistant Headwear Cap" ("'909 application") was filed with the USPTO.

19.     On January 10, 2017, the USPTO duly and legally issued U.S. Patent No. D775,792 ("D'792 Patent") from the '909 application.

20.     A true and correct copy of the D'792 Patent is attached as Exhibit A.

21.     The D'792 Patent discloses and claims a novel, ornamental design for a headpiece, shown in part below:



FIG.1          FIG.3

FIG.8

22.     Deejayzoo is the owner of all right, title and interest, by way of assignment, in and to the D'792 Patent and has the right to sue for infringement of the D'792 Patent.

23.     On August 27, 2015, utility patent application no. 14/837,063, entitled "Noise Reducing Water Resistant Headpiece" ("'063 application") was filed with the USPTO.

24.     On July 17, 2018, the USPTO duly and legally issued U.S. Pat. No. 10,021,930 ("'930 Patent") from the '063 application.

25.     A true and correct copy of the '930 Patent is attached as Exhibit B.

26.     The '930 Patent discloses and claims, among other things, a covering apparatus comprising a unitary material; a grip; an elastic member; a gathered band; and an elongated band; wherein the gathered band and the elongated band are of a unitary construction; wherein the gather band and the elongated band are attached to a periphery of the covering apparatus; wherein the elastic member is enclosed within the gathered band; wherein the unitary material comprises an outer layer and an inner layer; wherein the outer layer comprises a fabric; wherein the outer layer is water repellent; wherein the inner layer is polyurethane; wherein the covering apparatus comprises a plurality of folds; wherein the plurality of folds culminate in a point at a front of the covering apparatus above the elongated band; wherein the elastic member is located at a rear of the covering apparatus; and wherein the covering apparatus is a shower cap.

27.     Deejayzoo is the owner of all right, title and interest, by way of assignment, in and to the '930 Patent and has the right to sue for infringement of the '930 Patent.

## KITSCH'S INFRINGING SHOWER CAPS

28.     On information and belief, Kitsch has sold Kitsch Shower Caps through various channels, including Kitsch's own website (www.mykitsch.com), Paper Source, Urban Outfitters, Amazon, Walgreens, South Moon Sales, QVC, Got Beauty, Shop Bop, Kali Beauty, Belle and Blush, Scheels, Von Maur, Riley Rose, and Express.

29.     The Kitsch Shower Caps are and have been sold in several different patterns, including at least the following:

- Luxe Shower Cap – Floral;

- Luxe Shower Cap – Blush Dot;

- Luxe Shower Cap – Palm Leaves;

- Luxe Shower Cap – Black; and

- Luxe Shower Cap – Black and White Stripe.

- Kayley Melissa X Kitsch Shower Cap

30. Kitsch has advertised and sold, and continues to advertise and sell, the Kitsch Shower Caps in interstate commerce in association with the mark "THE SHOWER CAP, REINVENTED" (the "Counterfeit Mark") as shown below:



31. Kitsch's use of the Counterfeit Mark is identical to and confusingly similar to Deejayzoo's THE SHOWER CAP REINVENTED Mark in appearance, sound, meaning, and commercial impression.

32. Kitsch's use of the Counterfeit Mark trades off of the goodwill of Deejayzoo's THE SHOWER CAP REINVENTED Mark and is without permission or license from Deejayzoo.

33. Kitsch's infringement of Deejayzoo's THE SHOWER CAP REINVENTED Mark has been and continues to be knowing and willful. Kitsch was on constructive notice of the THE SHOWER CAP REINVENTED Mark by virtue of its federal registration. Kitsch has been on actual notice of its infringing activity since no later than July 19, 2018.

34.     The Kitsch Shower Cap incorporates the design illustrated and claimed in the D'792 Patent, and therefore the Kitsch Shower Cap infringes the D'792 Patent.

35.     The Kitsch Shower Caps comprise a covering apparatus comprising a unitary material; a grip; an elastic member; a gathered band; and an elongated band; wherein the gathered band and the elongated band are of a unitary construction; wherein the gather band and the elongated band are attached to a periphery of the covering apparatus; wherein the elastic member is enclosed within the gathered band; wherein the unitary material comprises an outer layer and an inner layer; wherein the outer layer comprises a fabric; wherein the outer layer is water repellent; wherein the inner layer is polyurethane; wherein the covering apparatus comprises a plurality of folds; wherein the plurality of folds culminate in a point at a front of the covering apparatus above the elongated band; wherein the elastic member is located at a rear of the covering apparatus; and wherein the covering apparatus is a shower cap.  Therefore, the Kitsch Shower Caps infringe the '930 Patent.

36.     Kitsch knowingly, actively induced and continues to knowingly, actively induce (or is willfully blind to the) infringement of the D'792 Patent and the '930 Patent within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the D'792 Patent and the '930 Patent, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

## ACTUAL CONSUMER CONFUSION

37.     On information and belief, the relevant consumer public has experienced and continues to experience actual confusion about the connection or association between the

Kitsch Shower Caps and Deejayzoo.

38.     Representatives from Deejayzoo have received questions regarding an apparent affiliation between Deejayzoo and the Kitsch Shower Caps based on the packaging for and sale of the Kitsch Shower Caps.

39.     Deejayzoo is aware of images posted on social media of the Kitsch Shower Caps in which the post indicated a belief that the Kitsch Shower Caps were affiliated with Deejayzoo.

### AD WORD CONFUSION

40.     On information and belief, Kitsch purchased the Google Adword "Shhhowercap" to sell its exact same competing product. On information and belief, Kitsch has been using "Shhhowercap" as a Google Adword since at least April 2020 and continues to do so through the date of filing this Amended Counterclaim.

41.     Deejayzoo is the senior user, as it began using the SHHHOWERCAP Mark nearly four years before Kitsch's alleged first use.

42.     When a consumer Google searches for Deejayzoo's products by searching "Shhhowercap", it is met with an ad for the Kitsch Shower Caps, which contains the SHHHOWERCAP Mark as part of the advertisement.

43.     Kitsch's advertisements are non-descript so that an ordinary consumer of Deejayzoo's products would not be able to tell that the advertisement did not in fact belong to Deejayzoo and did not sell Deejayzoo's products.

44.     Instead, the consumer would be mistakenly led to purchase a Kitsch Shower Cap, through the use and inclusion of the SHHHOWERCAP Mark.

45.     Accordingly, a consumer intending to find Deejayzoo's products or website, can instead find the Kitsch Shower Caps, which they will be confused into believing are Deejayzoo's products, or they will be confused into thinking that the the Kitsch Shower Caps are at least endorsed by Deejayzoo so that consumers ultimately purchase the product from Kitsch and not Deejayzoo.

## COUNT I

## (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

46.    Deejayzoo repeats and realleges each and every allegation of paragraphs 1 through 45 above.

47.    Deejayzoo's federally registered THE SHOWER CAP REINVENTED Mark is presumed to have acquired distinctiveness and continues to acquire further substantial distinctiveness and goodwill in the marketplace through Deejayzoo's use of that mark in commerce.  As a result of Deejayzoo's widespread and continuous use of the THE SHOWER CAP REINVENTED Mark, the THE SHOWER CAP REINVENTED Mark has become associated in the minds of the relevant purchasing public with Deejayzoo. The reputation and goodwill that Deejayzoo has built-up in its THE SHOWER CAP REINVENTED Mark is of great value to Deejayzoo.

48.    Kitsch's sale of shower caps under the THE SHOWER CAP REINVENTED Mark, as described herein, is likely to have caused and is likely to cause confusion, mistake and/or deception among the relevant public, including consumers, as to the affiliation, connection, or association between the Kitsch Shower Cap product and the Deejayzoo SHHHOWERCAP product, and/or mislead the public into thinking that Deejayzoo is the origin of, has sponsored, or has approved of Kitsch's products and/or commercial activities.  Kitsch's actions irreparably harm the value of Deejazoo's THE SHOWER CAP REINVENTED Mark and injure Deejayzoo's reputation and goodwill.

49.    Kitsch's actions, as described above, are likely to cause confusion, or to cause mistake or to deceive consumers as to the origin, sponsorship or approval of Kitsch's products in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

50.    Kitsch created, adopted and used in commerce the confusingly similar designation THE SHOWER CAP, REINVENTED with full knowledge of Deejayzoo's rights in the THE SHOWER CAP REINVENTED Mark. The sale and promotion of shower caps under the Counterfeit Mark has been made in bad faith and with a willful and deliberate intent to pass off Kitsch's shower caps as those of Deejayzoo, and trade on the

significant goodwill developed in the THE SHOWER CAP REINVENTED Mark. In view of the willful nature of Kitsch's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

51.     Kitsch's infringement has damaged Deejayzoo, has resulted in unjust enrichment to Kitsch, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Deejayzoo and the public, for which damage and injury Deejayzoo has no adequate remedy at law.

## COUNT II

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

### (THE SHOWER CAP REINVENTED Mark)

52.     Deejayzoo repeats and realleges each and every allegation of paragraphs 1 through 51 above.

53.     Kitsch's actions, as described above, constitute a false designation of origin, or a false representation, which wrongfully and falsely designates the origin of the Kitsch Shower Cap as originating from or being approved by Deejayzoo, and thereby constitutes false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Kitsch's acts have caused, and unless and until such acts are enjoined by this Court pursuant to 15 U.S.C. § 1116, will continue to cause, great and irreparable injury to Deejayzoo.

55.     Deejayzoo has no adequate remedy at law.

56.     By virtue of its acts, Kitsch has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

### (Counterfeit of THE SHOWER CAP REINVENTED Mark – 15 U.S.C. § 1114)

57.     Deejayzoo repeats and realleges each and every allegation of paragraphs 1 through 56 above.

58.     Deejayzoo owns a valid United States Trademark Registration for the THE

SHOWER CAP REINVENTED Mark, as set forth above.

59.     Well before any of Kitsch's actions complained of herein were committed, Deejayzoo had continuously used the THE SHOWER CAP REINVENTED Mark throughout the United States in connection with its SHHHOWERCAP products.

60.     Kitsch uses a non-genuine version of the THE SHOWER CAP REINVENTED Mark that is essentially identical to, or substantially indistinguishable from, the THE SHOWER CAP REINVENTED Mark.

61.     Kitsch's use of the Counterfeit Mark without consent from Deejayzoo is a willful and intentional infringement of Deejayzoo's THE SHOWER CAP REINVENTED Mark.

62.     Kitsch has profited from its acts of infringement. Deejayzoo is entitled to recover Kitsch's profits arising from the infringement, any damages sustained by Deejayzoo arising from said infringement, and the costs of this action. Deejayzoo also is entitled to an enhanced award of profits and/or damages to fully and adequately compensate it for Kitsch's infringement.  At its election, Deejayzoo also is entitled to statutory damages.

63.     Kitsch has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Deejayzoo that is not fully compensable in monetary damages. Deejayzoo is therefore entitled to a permanent injunction enjoining and restraining Kitsch from use of the THE SHOWER CAP REINVENTED Mark or any mark that is confusingly similar to the THE SHOWER CAP REINVENTED Mark.

## COUNT IV

### (Unfair Competition under California Business and Professions Code §§ 17200 *et seq.*)

64.     Deejayzoo repeats and realleges each and every allegation of paragraphs 1 through 63 above.

65.     The above-described conduct of Kitsch constitutes unlawful and unfair competition in violation of California Business & Professions Code §§ 17200 et seq. (the

"UCL"), in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts.

66.    Kitsch's actions as alleged above violate the "unfair" prong of the UCL because, on information and belief, (a) the utility of such actions is outweighed by the gravity of harm they cause to Deejayzoo, (b) such actions are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers, (c) such actions constitute incipient violations of state and federal antitrust laws, and/or (d) such actions violate Section 5 of the FTC Act.

67.    Kitsch's actions as alleged above violate the "fraudulent" prong of the UCL, because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

68.    Kitsch's actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in this Complaint.

69.    As the direct and proximate result of Kitsch's wrongful conduct, Deejayzoo has suffered and will continue to suffer actual injury and the loss of money, including irreparable injury to its reputation and goodwill. Unless enjoined, Kitsch's wrongful conduct will continue to cause great, immediate and irreparable injury to Deejayzoo.

70.    Deejayzoo is without an adequate remedy at law.

71.    Deejayzoo is therefore entitled to injunctive relief, pursuant to California Business and Professions Code § 17203.

## COUNT V

## (Infringement of U.S. Patent No. D775,792 – 35 U.S.C. § 271)

72.    Deejayzoo repeats and realleges each and every allegation of paragraphs 1 through 71 above.

73.    Deejayzoo is the owner of the D'729 Patent and has the right to sue for infringement of the D'729 Patent.

74.    The D'729 Patent is valid and enforceable.

75.     Deejayzoo has virtually marked its Shhhowercap products as practicing the D'729 Patent, in compliance with 35 U.S.C. § 287, at https://www.shhhowercap.com/patents.

76.     Kitsch has directly infringed and continues to directly infringe the D'729 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and importing shower caps that include the design illustrated and claimed in the D'729 Patent, including at least the following products:

- Luxe Shower Cap – Floral;
- Luxe Shower Cap – Blush Dot;
- Luxe Shower Cap – Palm Leaves;
- Luxe Shower Cap – Black;
- Luxe Shower Cap – Black and White Stripe; and
- Kayley Melissa X Kitsch Shower Cap.

77.     Kitsch has induced infringement of and continues to induce infringement of the D'729 Patent within the meaning of 35 U.S.C. § 271(b) by selling or otherwise providing shower caps that include the design illustrated and claimed in the D'729 Patent to customers with knowledge that such customers will sell or use such shower caps, and with the intent that such sales or use will infringe the D'729 Patent.

78.     The Kitsch Shower Cap bears a striking resemblance to the design disclosed and claimed in the D'729 Patent, as illustrated below.

| D'729 Patent | Kitsch Shower Cap |
|---|---|



FIG.1

79.    In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Kitsch Shower Cap is substantially the same as the design illustrated and claimed in the D'729 Patent.

80.    Upon information and belief, Kitsch's infringing activities have damaged Deejayzoo in an amount to be proven at trial.  Among other remedies, Deejayzoo is entitled to Kitsch's total profit from sales of the Kitsch Shower Cap under 35 U.S.C. § 289, or to Deejayzoo's lost profits or a reasonable royalty to adequately compensate Deejayzoo for Kitsch's infringing activities under 35 U.S.C. § 284.

81.    Additionally, the harm to Deejayzoo is not fully compensable by money damages. Deejayzoo has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Kitsch is enjoined.

82.    Upon information and belief, Kitsch acted in an objectively reckless manner with respect to Deejayzoo's patent rights. Upon information and belief, Kitsch made, used, sold, and offered for sale its infringing shower cap products knowing that it was highly likely that its acts would constitute infringement of a valid patent.  Kitsch knew, or

should have known, that its actions were highly likely to result in the infringement of a valid patent. As a consequence, Kitsch has engaged in willful infringement of the patents-in-suit and Deejayzoo is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285. Kitsch's infringement of the D'729 Patent has been willful since no later than July 19, 2018, when Kitsch was placed on actual notice of its infringement.

**COUNT VI**

**(Infringement of U.S. Patent No. 10,021,930 – 35 U.S.C. § 271)**

83.   Deejayzoo repeats and realleges each and every allegation of paragraphs 1 through 82 above.

84.   Deejyzoo is the owner of the '930 Patent and has the right to sue for infringement of the '930 Patent.

85.   The '930 Patent is valid and enforceable.

86.   Kitsch has infringed and continues to infringe at least claims 1, 3, 5, 6, and 7 of the '930 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and importing the Kitsch Shower Cap, including at least the following variants of the Kitsch Shower Cap:

- Luxe Shower Cap – Floral;
- Luxe Shower Cap – Blush Dot;
- Luxe Shower Cap – Palm Leaves;
- Luxe Shower Cap – Black;
- Luxe Shower Cap – Black and White Stripe; and
- Kayley Melissa X Kitsch Shower Cap.

87.   The Kitsch Shower Cap is a covering apparatus that is a shower cap and that comprises a grip, a gathered band, and an elongated band, as annotated below. The gathered band and the elongated band are of a unitary construction and are attached to a periphery of the covering apparatus.



88.     The Kitsch Shower Cap comprises a unitary material.  The unitary material comprises an outer layer and an inner layer, as annotated above.  According to laboratory testing, the outer layer comprises a fabric and is water repellent.  According to laboratory testing, the inner layer is polyurethane.

89.     The Kitsch Shower Cap comprises an elastic member enclosed within the gathered band.  Like the gathered band, the elastic member is located at a rear of the covering apparatus.

90.     The Kitsch Shower Cap comprises a plurality of folds that culminate in a



point at a front of the covering apparatus above the elongated band, as annotated below.

91.   The grip of the Kitsch Shower Cap is stitched, bonded or piped to an inner portion of the covering apparatus.

92.   On information and belief, the Kitsch Shower Cap is knit or woven.

93.   On information and belief, the Kitsch Shower Cap is antimicrobial or breathable.

94.   On information and belief, the grip of the Kitsch Shower Cap comprises at least one of rubber, fabric, or neoprene.

95.   Kitsch has infringed and continues to infringe claim 2 of the '930 patent within the meaning of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and importing the Kitsch Shower Cap, including at least the following variants of the Kitsch Shower Cap (collectively, the "Kitsch Patterned Shower Caps"):

- Luxe Shower Cap – Floral;
- Luxe Shower Cap – Blush Dot;
- Luxe Shower Cap – Palm Leaves;
- Luxe Shower Cap – Black and White Stripe; and
- Kayley Melissa X Kitsch Shower Cap.

96.   On information and belief, the unitary material of the Kitsch Patterned Shower Caps comprises a plurality of digitally sublimated designs.

97.   Kitsch has induced infringement of and continues to induce infringement of claims 1-3 and 5-7 of the '930 Patent within the meaning of 35 U.S.C. § 271(b) by selling or otherwise providing the Kitsch Shower Cap to customers with knowledge that such customers will sell or use such shower caps, and with the intent that such sales or use will infringe the '930 Patent.

98.   Upon information and belief, Kitsch's infringing activities have damaged Deejayzoo in an amount to be proven at trial.  Among other remedies, Deejayzoo is entitled to Deejayzoo's lost profits, and in no event less than a reasonable royalty, to adequately compensate Deejayzoo for Kitsch's infringing activities under 35 U.S.C.

§ 284.

99.     Additionally, the harm to Deejayzoo arising from these acts by Kitsch is not fully compensable by money damages. Deejayzoo has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by Kitsch is enjoined.

100.    Upon information and belief, Kitsch acted in an objectively reckless manner with respect to Deejayzoo's patent rights. Upon information and belief, Kitsch made, used, sold, and offered for sale its infringing shower cap products knowing that it was highly likely that its acts would constitute infringement of a valid patent.  Kitsch knew, or should have known, that its actions were highly likely to result in the infringement of a valid patent. As a consequence, Kitsch has engaged in willful infringement of the patents-in-suit and Deejayzoo is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.  Kitsch's infringement of the '930 Patent has been willful since no later than July 19, 2018, when Kitsch was placed on actual notice of its infringement.

## COUNT VII
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))
### (The SHHHOWERCAP Mark)

101.    Deejayzoo repeats and realleges each and every allegation of paragraphs 1 through 100 above.

102.    Deejayzoo's SHHHOWERCAP Mark has acquired distinctiveness and continues to acquire further substantial distinctiveness and goodwill in the marketplace through Deejayzoo's use of that mark in commerce.  As a result of Deejayzoo's widespread and continuous use of the SHHHOWERCAP Mark, the SHHHOWERCAP Mark has become associated in the minds of the relevant purchasing public with Deejayzoo.  The reputation and goodwill that Deejayzoo has built-up in its SHHHOWERCAP Mark is of great value to Deejayzoo.

103.    Kitsch's actions, as described above, constitute a false designation of origin,

or a false representation, which wrongfully and falsely designates the origin of the Kitsch Shower Cap as originating from or being approved by Deejayzoo, and thereby constitutes false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104.    Kitsch's direct use of the SHHHOWERCAP Mark without Deejayzoo's consent in connection with its own products constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

105.    Specifically, when Kitsch used the SHHHOWERCAP Mark in the connection with the promotion, marketing and advertising of a similar product it was done in a manner likely to cause confusion and to create a false sense of connection between Kitsch and Deejayzoo.

106.    Such conduct is likely to confused and mislead consumers as to the origin of Kitsch's products or cause consumers to believe that Kitsch's products have been sponsored, approved, authorized or licensed by Deejayzoo, or in some way affiliated or connected, when in fact they are not.

107.    Upon information and belief, Kitsch's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

108.    Kitsch has derived and received, and will continue to derive and receive, gains, profits, and advantages from its false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Deejayzoo.  Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

109.    Kitsch's acts have caused, and unless and until such acts are enjoined by this Court pursuant to 15 U.S.C. § 1116, will continue to cause, great and irreparable injury to

1    Deejayzoo.

2        110.    Deejayzoo has no adequate remedy at law.

3        111.    By virtue of its acts, Kitsch has violated Section 43(a) of the Lanham Act, 15

4    U.S.C. § 1125(a).

5    **PRAYER FOR RELIEF**

6        WHEREFORE, Deejayzoo respectfully requests this Court to enter judgment

7    against Kitsch, granting the following relief:

8        A.    The entry of judgment in favor of Deejayzoo and against Kitsch on all

9    Counterclaims;

10       B.    Designate this action as an exceptional case entitling Deejayzoo to an award

11   of its reasonable attorney's fees incurred as a result of this action, pursuant to 15 U.S.C.

12   § 1117;

13       C.    Issue preliminary and permanent injunctive relief against Kitsch and its

14   officers, agents, representatives, servants, employees, attorneys, successors and assigns,

15   and all others in active concert or participation with Kitsch, enjoining and restraining them

16   from:

17           (i) imitating, copying, or making any other infringing use of the THE

18           SHOWER CAP REINVENTED Mark and/or the SHHHOWERCAP Mark

19           by the Counterfeit Mark, and any other mark now or hereafter confusingly

20           similar to the THE SHOWER CAP REINVENTED Mark and/or the

21           SHHHOWERCAP Mark;

22           (ii) manufacturing, assembling, producing, distributing, offering for

23           distribution, circulating, selling, offering for sale, advertising, importing,

24           promoting, or displaying any simulation, reproduction, counterfeit, copy, or

25           colorable imitation of the THE SHOWER CAP REINVENTED Mark, the

26           SHHHOWERCAP Mark, the Counterfeit Mark, or any mark confusingly

27           similar thereto;

28           (iii) engaging in any other activity constituting an infringement of the THE

SHOWER CAP REINVENTED Mark and/or the SHHHOWERCAP Mark; and

(iv) assisting, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs (i) through (iii) above;

D.  Order Kitsch, at its own expense, to recall all products and marketing, promotional, and advertising materials that bear or incorporate the Counterfeit Mark, the SHHHOWERCAP Mark, or any mark confusingly similar to the THE SHOWER CAP REINVENTED Mark, which have been manufactured, distributed, sold, or shipped by Kitsch or on its behalf, and to reimburse all customers from which said materials are recalled.

E.  Remove any confusingly similar Adwords from Google searches, including but not limited to the SHHHOWERCAP Mark.

F.  Order Kitsch to immediately produce and turn over to Deejayzoo's counsel, all products, labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the Counterfeit Mark, and/or any simulation, reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and any other means of making the same.

G.  Order Kitsch to pay the general, special, actual, and statutory damages of Deejayzoo as follows:

(i) Deejayzoo's damages and Kitsch's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Kitsch's willful violation of the federally registered trademark of Deejayzoo; and

(ii) If Deejayzoo so elects, statutory damages of up to $2,000,000 per counterfeit mark, per type of product sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

H.  An award of damages adequate to compensate Deejayzoo for the patent infringement that has occurred, and in no event less that a reasonable royalty, as permitted

by 35 U.S.C. § 284, together with prejudgment interest;

I.    Designate this action as an exceptional case, increase the award of damage to Deejayzoo by three times, and award Deejayzoo its reasonable attorney' fees incurred as a result of this action pursuant to 35 U.S.C. § 285.

J.    Such other and further relief as the Court deems just and proper.

DATED:  July 1, 2020                    JAYARAM LAW, INC.


                                        By */s/ Vivek Jayaram*_____
                                           *Attorneys for Defendant*
                                           *Deejayzoo, LLC*


## **DEMAND FOR JURY TRIAL**

Counterclaim Plaintiff Deejayzoo, LLC demands a jury trial on all issues triable by jury.

DATED:  July 1, 2020                    JAYARAM LAW, INC.


                                        By */s/ Vivek Jayaram*_____
                                           *Attorneys for Defendant*
                                           *Deejayzoo, LLC*