Vivek Jayaram (Pro Hac Vice)
vivek@jayaramlaw.com
Liz Austermuehle (Pro Hac Vice)
liz@jayaramlaw.com
JAYARAM LAW, INC.
125 S. Clark Street, Suite 1175
Chicago, IL 60603

Christian Anstett (SBN 240179)
Anstett.law@gmail.com
A Eric Bjorgum (SBN 198392)
eric.bjorgum@kb-ip.com
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070

*Attorneys for Defendant Deejayzoo, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Kitsch LLC, a California company, | Case No.  2:19-cv-02556-JAK-RAO |
| Plaintiff/Counter-Defendant, | |
| v. | **DEFENDANT/COUNTERCLAIM PLAINTIFF DEEJAYZOO, LLC'S MEMORANDUM IN OPPOSITION TO KITSCH, LLC'S MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. RULE 37** |
| DEEJAYZOO, LLC, a New York company, | |
| Defendant/Counter-Plaintiff. | Judge:      John A. Kronstadt<br>Courtroom:  10B<br>Date:       Monday, May 10, 2021<br>Time:       8:30 a.m. |

## TABLE OF CONTENTS

**I. BACKGROUND** ................................................................................................1

**II. ARGUMENT** ..................................................................................................2

    A.    Legal Standard .............................................................................2

    B.    The Vartest Document does not require an expert to understand, so there was no failure to disclose ...........................................................2

    C.    There is no harm to Kitsch .........................................................3

**III. CONCLUSION** ..............................................................................................5

Defendant's/Counterclaim Plaintiff's Memorandum in Opposition to Kitsch, LLC's
Motion to Strike

# TABLE OF AUTHORITIES

**CASES**                                                                                          **Page:**

*Batiz v. Am. Com. Sec. Servs.,*
  776 F. Supp. 2d 108 (C.D. Cal. 2011) ........................................................4

*Centricut, LLC v. Esab Grp., Inc.,*
  390 F.3d 1361 (Fed. Cir. 2004) .................................................................3

*Frontline Med. Assocs., Inc. v. Coventry Health Care,*
  263 F.R.D. 567 (C.D. Cal. 2009) ...............................................................4

*Gallagher v. Holt,*
  2012 WL 3205175 (E.D. Cal. Aug. 3, 2012) ...............................................3

*Montgomery v. Wal-Mart Stores, Inc.,*
  2015 WL 11233382 (S.D. Cal. Sept. 24, 2015) ...........................................4

*Safeco Ins. Co. of Am. v. Olstedt Const., Inc.,*
  2004 WL 1055678 (D. Or. May 7, 2004) .....................................................3

*Saracana Condo. Ass'n v. State Farm Fire & Cas. Co.,*
  2014 WL 10987445 (D. Ariz. Dec. 31, 2014) ..............................................3

*Sepe v. Gordon Trucking, Inc.,*
  755 F. App'x 668 (9th Cir. 2019) ...............................................................4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
  259 F.3d 1101 (9th Cir. 2001) ...................................................................2

**STATUES**

Fed. R. Civ. P. 26 .............................................................................................3

Fed. R. Civ. P. 37 ..........................................................................................2,5

ii                                    Case No. 2:19-cv-02556-JAK-RAO
Defendant's/Counterclaim Plaintiff's Memorandum in Opposition to Kitsch, LLC's
Motion to Strike

## I.    BACKGROUND

In Deejayzoo, LLC's ("Deejayzoo") first document production to Kitsch LLC ("Kitsch"), Deejayzoo produced a document that provided the results of a materials test done by Vartest Laboratories on Kitsch's infringing shower caps ("Vartest Document"). The Vartest Document presents the results of a materials test done on the liner of a black Kitsch shower cap.  The reference to the "Double Red Label" refers to Vartest's priority services, where clients can receive tests next day.  *See* "Vartest's Credentials & Information," https://vartest.com/resources/vartest-credentials/.   The Vartest Document identifies Poron 4716-16, a well-known spray-on polyurethane, and goes on to discuss the "presence of urethane."  This all shows that the infringing cap met the limitation in Claim 1 from Deejayzoo's utility patent requiring the inner layer to be polyurethane.  On May 30, 2019, Deejayzoo served its Initial Infringement Contentions (Dkt. No. 44-7) which referenced the Vartest Document multiple times.  *See* Dkt. No. 44-7, Page ID #: 876, 904.

In Deejayzoo's motion for summary judgment, it referenced its Infringement Contentions in support of its argument that Kitsch's shower caps infringe on Deejayzoo's utility patent. *See* Dkt. No. 88-1, Page ID # 3391.  Kitsch's opposition stated that Deejayzoo had not provided evidence that Kitsch's shower cap had an inner layer made of polyurethane, although it had at the very beginning of this litigation.  *See* Dkt. No. 140, Page ID #: 9193-4.  Deejayzoo then highlighted the document in its reply so as to correct this misstatement by Kitsch.  Now, Kitsch attempts to strike this document under the incorrect argument that it is a document that requires expert testimony and report to be admissible and, therefore, should be excluded for not having been disclosed in accordance with the discovery schedule in this case.  However, as discussed below, this motion is unwarranted and should be rejected.

## II.    ARGUMENT

### A.    Legal Standard

Fed. R. Civ. P. 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The 9th Circuit has held that "[t]he information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

### B.    The Vartest Document does not require an expert to understand, so there was no failure to disclose.

First, Kitsch attempts to establish that the Vartest Document is a document that only a person with "scientific, technical, or other specialized knowledge" could interpret and understand, inserting a graph from the report in its brief to emphasize the supposed technical nature of the document.  Dkt. No. 189, Page ID #: 10774.  This is simply incorrect.  The Vartest Document clearly states that the testing shows the "presence of urethane" in the infringing black Kitsch shower cap. Further, it identifies the presence of Poron 4716-16 in the shower cap. A simple internet search reveals that Poron is a well-known manufacturer of industrial polyurethanes.[1]

| Compound | |
|---|---|
| **Name** | Value |
| **Name** | PORON 4716-16 |
| **Chemical Description** | CELLULAR URETHANE |
| **Source of Sample** | Rogers Corporation |
| **Technique** | ATR, NEAT |

**COMMENT:**  FTIR analysis shows the presence of urethane.

---

[1] *See* https://rogerscorp.com/elastomeric-material-solutions/poron-industrial-polyurethanes

Defendant's/Counterclaim Plaintiff's Memorandum in Opposition to Kitsch, LLC's Motion to Strike

In other words, no expert knowledge is needed to understand this document. *See, e.g., Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004) ("We do not state a per se rule that expert testimony is required to prove infringement when the art is complex."). As such, there was no failure to disclose in accordance with Fed. R. Civ. P. 26. Indeed, Kitsch admits that the Vartest Document was produced during discovery as part of Deejayzoo's document production. *See* Dkt. No. 189, Page ID #: 10772.

Moreover, Kitsch cites no authority excluding a *document* that has been timely disclosed, pursuant to Rule 37, merely because the subject matter of the document is of a scientific nature. Instead, every case Kitsch relies upon relates to the failure of a party to disclose an expert witness in accordance with Rule 37, and precluding undisclosed experts from testifying. *See Gallagher v. Holt*, No. 2:08-CV-03071 JFM C, 2012 WL 3205175, at *14 (E.D. Cal. Aug. 3, 2012) (excluding a forensic accountant from testifying because he was not disclosed in accordance with the court's scheduling order); *Saracana Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 2:12-CV-02250-SLG, 2014 WL 10987445, at *5 (D. Ariz. Dec. 31, 2014) (excluding a witness from testifying at trial because the party seeking to call him failed to disclose him as an expert witness in accordance with Rule 26(a)); *Safeco Ins. Co. of Am. v. Olstedt Const., Inc.*, No. CV-02-1680-ST, 2004 WL 1055678, at *2 (D. Or. May 7, 2004) (striking testimony of lay witnesses). Simply put, Rule 37 does not apply here.

## C.    There is no harm to Kitsch.

Kitsch argues that because no expert report was produced in conjunction with the Vartest Document that it has suffered prejudice as a result. Nothing could be further from the truth. First, the Vartest Document was produced to Kitsch at the very beginning of discovery and was again referenced in Deejayzoo's initial infringement contentions. *See* Dkt. No. 44-7, Page ID #: 876, 904. Deejayzoo's infringement contentions were submitted as supporting documents for its summary judgment briefing. From as early as 2019, at the beginning stages of this litigation, Deejayzoo has referred to the Vartest Document as part

Defendant's/Counterclaim Plaintiff's Memorandum in Opposition to Kitsch, LLC's
Motion to Strike

of its case of patent infringement against Kitsch.  There can be no prejudice or harm when the document had been disclosed in accordance with the Court's scheduling order and has been in Kitsch's possession for almost two years.  *See Batiz v. Am. Com. Sec. Servs.*, 776 F. Supp. 2d 1087, 1093 (C.D. Cal. 2011) (holding that, even if disclosing party was untimely in its disclosure, any tardiness in disclosure was harmless because receiving party had documents in their possession prior to start of litigation).

Second, for nearly the entirety of this litigation, Kitsch had the Vartest Document in its possession and had notice of Deejayzoo's reliance on it. However, in its opposition to Deejayzoo's motion for partial summary judgment, Kitsch still argued that Deejayzoo had not provided evidence of its infringing shower caps having an inner layer made of polyurethane.  *See* Dkt. No. 140, Page ID #: 9193-4.  In its reply, Deejayzoo attempted to correct the record for the Court.  Kitsch claims that because Deejayzoo identified this evidence in its reply, Kitsch is unable to provide the Court with any rebuttal evidence, which compounds any prejudice it faces.  This is simply untrue.  Kitsch was able to rebut this evidence that was produced at the beginning of this litigation at any time, including after it was referenced in Deejayzoo's infringement contentions with Kitsch's own non-infringement contentions.  Kitsch chose not to, and now would like to claim this failure on its own part as prejudice.  This strategy must be rejected.  *See, e.g., Sepe v. Gordon Trucking, Inc.*, 755 F. App'x 668, 670 (9th Cir. 2019) (upholding district court's finding that plaintiff's failure to disclose expert reports was harmless because defendants were aware of potential witnesses and records had been produced from those witnesses); *Montgomery v. Wal-Mart Stores, Inc.*, No. 12CV3057-AJB (DHB), 2015 WL 11233382, at *2 (S.D. Cal. Sept. 24, 2015) (holding that untimely designation of expert reports was harmless because receiving party had ample time to conduct any necessary discovery in response to expert designation and report); *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) ("Harmlessness may be established if a disclosure is made sufficiently in advance of the discovery cut-off date to permit the

Defendant's/Counterclaim Plaintiff's Memorandum in Opposition to Kitsch, LLC's Motion to Strike

opposing party to conduct discovery and defend against the damages claims.").

## III.    CONCLUSION

    For the forgoing reasons, Deejayzoo requests that this Court deny Kitsch's motion to strike pursuant to Fed. R. Civ. P. Rule 37.


DATED:  April 19, 2021       JAYARAM LAW, INC.

                 By */s/ Vivek Jayaram*  _____

                    *Attorneys for Defendant*

                    *Deejayzoo, LLC*