Vivek Jayaram (Pro Hac Vice)
vivek@jayaramlaw.com
Elizabeth Austermuehle (Pro Hac Vice)
liz@jayaramlaw.com
JAYARAM LAW, INC.
125 S. Clark Street, Suite 1175
Chicago, IL 60603

Christian Anstett (SBN 240179)
Anstett.law@gmail.com
A Eric Bjorgum (SBN 198392)
eric.bjorgum@kb-ip.com
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070

*Attorneys for Defendant Deejayzoo, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Kitsch LLC, a California company, | Case No. 2:19-cv-02556-JAK-RAO |
| Plaintiff/Counter-Defendant, | Honorable John A. Kronstadt |
| v. | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT DEEJAYZOO, LLC; MEMORANDUM OF LAW** |
| DEEJAYZOO, LLC, a New York company, | |
| Defendant/Counter-Plaintiff. | Hearing Date: November 12, 2021<br>Time: 8:30 AM<br>Place: Courtroom 10B |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 12, 2021 at 8:30 AM, or as soon thereafter as the matter may be heard, before the Honorable John A. Kronstadt, located at the United States First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, counsel of record for Defendant Deejayzoo, LLC ("Deejayzoo"), Jayaram Law, will and hereby does move this court for order permitting Jayaram Law to withdraw as counsel of record for Deejayzoo in the above referenced action.

This motion is based on the grounds that (1) there has been a breakdown in communication between Jayaram Law and Defendant such that continued representation is no longer possible, and (2) Defendant's breach in an agreement to Jayaram Law as to expenses and fees.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 and Section 9.c of the Court's Standing Order, which took place on October 13, 2021. Plaintiff does not oppose this motion.

Further, pursuant to L.R. 83-2.3.2, on October 7, 2021 and October 13, 2021, Jayaram Law gave written notice to Defendant of this application for leave to withdraw.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Vivek Jayaram, filed concurrently herewith, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

Dated: October 15, 2021            JAYARAM LAW, INC.

                                   By:   /s/ Vivek Jayaram

1 | Vivek Jayaram (Pro Hac Vice)
2 | vivek@jayaramlaw.com
  | Elizabeth Austermuehle (Pro Hac Vice)
3 | liz@jayaramlaw.com
  | JAYARAM LAW, INC.
4 | 125 S. Clark Street, Suite 1175
  | Chicago, IL 60603

5 | Christian Anstett (SBN 240179)
  | Anstett.law@gmail.com
6 | A Eric Bjorgum (SBN 198392)
  | eric.bjorgum@kb-ip.com
7 | KARISH & BJORGUM PC
  | 119 E. Union Street, Suite B
8 | Pasadena, CA 91103

*Attorneys for Defendant Deejayzoo, LLC*

Motion to Withdraw as Counsel of Record    Case No. 2:19-cv-02556-JAK-RAO

2

# MEMORANDUM OF LAW

## I. INTRODUCTION

The Local Rules of the United States District Court for the Central District of California state that an attorney may not withdraw as counsel except by leave of court. L.R. 83-2.3.2. As such, the law firm of Jayaram Law, counsel of record for Defendant Deejayzoo, LLC ("Defendant" or "Deejayzoo"), seeks an order from this Court permitting Jayaram Law to withdraw as counsel of record for Defendant. Plaintiff does not oppose this motion.

## II. ARGUMENT

### A. Legal Standard

Rule 1.16 of the California Rules of Professional Conduct permits an attorney to withdraw from representation of a client in several circumstances, including (1) if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" and (2) if the client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. Rules of Prof. Conduct 1.16 (b)(4) and (5). The decision to grant or deny a motion to withdraw as counsel is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

The Court may consider the following factors in ruling on a motion for permissive withdrawal: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *See Marcus v. ABC Signature Studios, Inc.*, No. CV1700148RSWLAJWX, 2017 WL 5635020, at *1–2 (C.D. Cal. June 7, 2017).

### B. There has been a breakdown of the client-attorney relationship, justifying attorney's withdrawal.

The lack of a cooperative relationship between an attorney and his client may, at times, justify the attorney's withdrawal. *See, e.g., Marcus*, 2017 WL 5635020, at *2 (C.D. Cal. June 7, 2017), (granting counsel's request to withdraw on the basis of a breakdown of communication); *McClintic v. U.S. Postal Service*, No. 1:13-cv-00439, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014) (breakdown of communication justified granting counsel's request to withdraw); *Lewis v. Nevada Cnty.*, No. CIV S-07-1653 FCD/EFB, 2009 WL 463510, at *1 (E.D. Cal. Feb. 23, 2009) (client's failure to cooperate and follow attorney's advice justified granting attorney's request to withdraw).

Here, as set forth in the accompanying declaration of Vivek Jayaram, without compromising the attorney-client relationship, there has been an irreparable breakdown in communication between Defendant and Jayaram Law, such that effective representation is no longer possible. If the Court requires further detail in this regard, an *in-camera* hearing is respectfully requested. *See* Jayaram Dec. at ¶ 2.

### C. There has also been a breach of a material term of the agreement between Jayaram Law and Defendant, justifying attorney's withdrawal.

The failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation. *See, e.g.*, *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (where client failed to pay the outstanding balance for his legal representation and it is unlikely that he will pay in the future); *Dist. Council 16 N. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.*, No. C 09–05189SBA, 2010 WL 3339446 at *1

(N.D. Cal. Aug. 24, 2010); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal.1992).

In this case, Defendant has failed to pay the outstanding balance for its representation since May 2020, despite the engagement letter requiring Defendant to pay outstanding legal fees at the beginning of each month. In an attempt to work with Defendant, Jayaram Law has worked out payment plans with Defendant, but it has not met the deadlines for those payment plans. As such, Defendant it is unlikely to rectify this situation in the future. Continued representation of Deejayzoo will result in an unreasonable financial burden on Jayaram Law. *See* Jayaram Dec. at ¶ 4. If the Court requires the total amount of fees due, an *in-camera* hearing is respectfully requested. *Id.*

### D. Defendant will not be unduly prejudiced from granting this motion to withdraw.

Jayaram Law's withdrawal will not prejudice Defendant. As of the filing of this Motion, the next deadlines are for expert discovery, with Defendant's expert report due on October 25, 2021 and deposition of Defendant's expert by November 8, 2021. *See* ECF No. 210. Jayaram Law has identified an expert who can provide a written report and be deposed within that timeframe. Jayaram Law has relayed that contact information to Defendant, who has engaged the expert. The outer date for these upcoming expert discovery deadlines is January 31, 2022. *Id.* This provides Defendant with sufficient time to obtain new counsel and bring said counsel up to speed. Further, continued representation of Defendant in this suit will result in an unreasonable financial burden on Jayaram Law. *See* Jayaram Dec. at ¶ 4.

### E. All parties were given due notice of Jayaram Law's intent to withdraw.

Pursuant to L.R. 83-2.3.2, on October 7, 2021 and October 13, 2021, Jayaram

Law sent written correspondence to Defendant, notifying that Jayaram Law would be filing this Motion. On October 14, 2021, Jayaram Law sent Defendant the Substitution of Attorney forms. *See* Jayaram Dec. at ¶ 8; Ex. 1. Pursuant to L.R. 7-3 and Section 9.c of the Court's Standing Order, on October 13, 2021, Jayaram Law contacted Mark Cantor of Brooks Kushman P.C., counsel for Kitsch LLC ("Kitsch" or "Plaintiff") to meet and confer regarding the subject matter of this Motion. Mr. Cantor was advised that Jayaram Law would be filing this Motion and Plaintiff advised that it does not oppose this Motion. On October 15, 2021, Plaintiff was served written notice of the Motion. As such, Jayaram Law has provided proper notice to its client and to all other parties of its intention to withdraw as counsel.

### III. CONCLUSION

Based on the foregoing, Jayaram Law respectfully requests that the Court grant its motion to withdraw as counsel of record for Defendant.

Dated: October 15, 2021                    JAYARAM LAW, INC.

                                           By:    */s/ Vivek Jayaram*

                                           Vivek Jayaram (Pro Hac Vice)
                                           vivek@jayaramlaw.com
                                           Elizabeth Austermuehle (Pro Hac Vice)
                                           liz@jayaramlaw.com
                                           JAYARAM LAW, INC.
                                           125 S. Clark Street, Suite 1175
                                           Chicago, IL 60603

                                           Christian Anstett (SBN 240179)
                                           Anstett.law@gmail.com
                                           A Eric Bjorgum (SBN 198392)
                                           eric.bjorgum@kb-ip.com
                                           KARISH & BJORGUM PC
                                           119 E. Union Street, Suite B
                                           Pasadena, CA 91103

# DECLARATION OF VIVEK JAYARAM

I, Vivek Jayaram, do hereby declare:

1. I am an attorney with the law firm Jayaram Law, Inc., and counsel of record for Defendant, Deejayzoo, LLC. I respectfully submit this declaration in support of Jayaram Law, Inc.'s motion for leave to withdraw as attorneys for Defendant.

2. Without compromising the attorney-client relationship, there has been an irreparable breakdown in communication between the principal of Defendant, Jacqueline De Jesu, and Jayaram Law, such that effective representation is no longer possible. If the Court requires further detail in this regard, an *in camera* hearing is respectfully requested.

3. In March 2019, my firm was retained by Defendant to represent it in this action. The engagement letter provided that Defendant would be billed in arrears at the beginning of each month for outstanding legal costs and fees incurred in the prior month.

4. However, Defendant also has not paid Jayaram Law, Inc. for legal services that it has rendered on Defendant's behalf in this action since May 2020. Jayaram Law has worked with Defendant in order to determine an installment payment plan, but Defendant has not met any of the deadlines set out in the payment plan. It does not appear that Defendant will be able to pay the outstanding fees and

as such, continued representation of Defendant in this suit will result in an unreasonable financial burden on Jayaram Law.  If the Court requires the total amount of fees due, an *in-camera* hearing is respectfully requested.

5. On October 7, 2021 and on October 13, 2021, I advised Ms. De Jesu that my firm would need to withdraw if Defendant did not pay its outstanding legal fees and if we were unable to come to an agreeable resolution of outstanding disagreements. I advised Ms. De Jesu that Deejayzoo should identify replacement counsel so that my firm could ensure the timely transition of this representation.

6. Granting Jayaram Law, Inc.'s motion for leave to withdraw will not prejudice this action. The next deadlines are for expert discovery, with Defendant's expert report due on October 25, 2021 and deposition of Defendant's expert by November 8, 2021. *See* ECF No. 210.  Jayaram Law has identified an expert who can provide a written report and be deposed within that timeframe.  Jayaram Law as relayed that contact information to Defendant, who has engaged the expert.  The outer date for these upcoming expert discovery deadlines is January 31, 2022. *Id.* This provides Defendant with sufficient time to obtain new counsel and bring said counsel up to speed. There are currently no other pending motions.

7. Pursuant to L.R. 83-2.3.2, on October 7, 2021 and October 13, 2021, I sent written correspondence to Defendant, notifying that Jayaram Law would be filing this Motion.  On October 14, 2021, I sent Defendant the Substitution of

Attorney forms. A true and correct copy of my correspondence is attached hereto as **Exhibit 1**.

8. Pursuant to L.R. 7-3 and Section 9.c of the Court's Standing Order, on October I contacted Mark Cantor of Brooks Kushman P.C., counsel for Kitsch LLC ("Kitsch" or "Plaintiff") to meet and confer regarding the subject matter of this Motion. I advised Mr. Cantor that Jayaram Law would be filing this Motion and requested that he advise me whether Plaintiff would object and/or oppose the motion. Mr. Cantor let me know that Plaintiff will not oppose this Motion. On October 15, 2021, I served Plaintiff with written notice of the Motion.

9. Although attempts were made, Jayaram Law was unable to procure a substitution of attorney from Defendant prior to bringing the instant motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of October, 2021

/s/ Vivek Jayaram
Vivek Jayaram
125 S. Clark Street, Suite 1175
Chicago, IL 60603
Phone: 312-212-8676
Cell: 646-325-9855
Email: vivek@jayaramlaw.com