William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071-1635
Tel: (213) 622-3003

Mark A. Cantor (*Pro Hac Vice*)
Marc Lorelli (*Pro Hac Vice*)
Rebecca J. Cantor (*Pro Hac Vice*)
mcantor@brookskushman.com
mlorelli@brookskushman.com
rcantor@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400/Fax: (248) 358-3351

*Attorneys for Plaintiff Kitsch LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Kitsch LLC, a California company, | Case No. 2:19-cv-02556-JAK-RAO |
| | Hon. John A. Kronstadt |
| Plaintiff/Counter-Defendant, | |
| v. | **PLAINTIFF KITSCH LLC'S SURREPLY MEMORANDUM IN OPPOSITION OF DEFENDANT DEEJAYZOO'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, A NEW TRIAL** |
| DEEJAYZOO, LLC, a New York company, | |
| Defendant/Counter-Plaintiff. | |
| | **Date: November 13, 2023**<br>**Time: 8:30 a.m.**<br>**Place: Courtroom 10B** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

I.   INTRODUCTION ..................................................................................... 1

II.  THE INSTRUCTION COMPORTS WITH THE AUTHORITY KITSCH CITED ........................................................................................ 1

III. DEEJAYZOO'S OBJECTION TO JURY INSTRUCTION NO. 15 WAS WAIVED UNDER RULE 51 .............................................................. 5

IV.  EVEN IF THE JURY INSTRUCTION WAS SOMEHOW ERRONEOUS, IT IS NO BASIS TO SET ASIDE THE VERDICT OR FOR A NEW TRIAL ................................................................................... 7

V.   CONCLUSION .......................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Audio-Technica Corp. v. Music Tribe Com. My Sdn. Bhd.*,
    2022 WL 1423223 (C.D. Cal. 2022) ............................................................. 3

*Bollinger v. Oregon*,
    305 F. App'x 344 (9th Cir. 2008) ................................................................. 6

*C.B. v. City of Sonora*,
    769 F.3d 1005 (9th Cir. 2014) ...................................................................... 8

*Coach, Inc. v. Celco Customs Servs. Co.*,
    2014 WL 12573411 (C.D. Cal. 2014) .......................................................... 6

*Grupo Gigante SA De CV v. Dallo & Co.*,
    391 F.3d 1088 (9th Cir. 2004) ...................................................................... 3

*Hammer v. Gross*,
    932 F.2d 842 (9th Cir. 1991) (*en banc*) ...................................................... 6

*Harsco Corp. v. Elec. Scis. Inc.*,
    9 U.S.P.Q.2d 1570 (T.T.A.B. 1988) ............................................................ 1

*Hoffman v. Blattner Energy, Inc.*,
    315 F.R.D. 324 (C.D. Cal. 2016) ................................................................. 7

*Jerden v. Amstutz*,
    430 F.3d 1231 (9th Cir. 2005) ...................................................................... 6

*K.J.P. v. Cnty. of San Diego*,
    621 F. Supp. 3d 1097 (S.D. Cal. 2022) ........................................................ 8

*Levi Strauss & Co v. Blue Bell, Inc.*,
    778 F.2d 1352 (9th Cir. 1985) .................................................................. 2, 3

*Mathew Enter., Inc. v. Chrysler Grp. LLC*,
    250 F. Supp. 3d 409 (N.D. Cal. 2017),
    *aff'd*, 738 F. App'x 569 (9th Cir. 2018) ...................................................... 6

*Neapco Inc. v. Dana Corp.*,
    12 U.S.P.Q.2d 1746, 1989 WL 274388 (T.T.A.B. 1989) ..............................1

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020)......................................................................8

*Swinton v. Potomac Corp.*,
    270 F.3d 794 (9th Cir. 2001)........................................................................8

*The Learning Internet v. Learn.com, Inc.*,
    2009 WL 6059550 (D. Or. 2009),
    *R&R adopted*, 2010 WL 1141351 (D. Or. 2010).............................................1

*Tri-Valley CAREs v. U.S. Dep't of Energy*,
    671 F.3d 1113 (9th Cir. 2012)......................................................................7

*United States v. Ancheta*,
    38 F.3d 1114 (9th Cir. 1994)........................................................................8

*United States v. Porter*,
    967 F.2d 595, 1992 WL 133122 (9th Cir. 1992) ..........................................9

*United States v. Washington*,
    962 F.2d 16, 1992 WL 92725 (9th Cir. 1992) ..............................................9

*Yellow Cab Co. of Sacramento* v. *Yellow Cab of Elk Grove, Inc.*,
    419 F.3d 925 (9th Cir. 2005)........................................................................3

*Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*,
    698 F.2d 786 (5th Cir. 1983).........................................................................2

*Zhang v. Am. Gem Seafoods, Inc.*,
    339 F.3d 1020 (9th Cir. 2003)......................................................................6

**Rules**

Fed. R. Civ. P. 51......................................................................................5, 6, 8

## I.  INTRODUCTION

Defendant Deejayzoo, Inc. ("Deejayzoo") alleges for the first time in its reply brief that there was an error in the language of the jury instruction relating to secondary meaning and that Plaintiff Kitsch LLC's ("Kitsch") counsel improperly modified the instruction.[1] Deejayzoo argues that it objected to the instruction, but this argument is misleading. Deejayzoo objected to *any* instruction being given on secondary meaning. Deejayzoo's counsel never objected to the language of the jury instruction, even though it had ample opportunity to do so. Finally, even if the instruction was in error, it does not meet the standard for overturning the jury's verdict. As set forth below, these arguments are without merit and should be rejected by the Court.

## II.  THE INSTRUCTION COMPORTS WITH THE AUTHORITY KITSCH CITED

The language in the instruction comports with the case law and the authority provided by Kitsch when it filed its jury instruction with the Court. Jury Instruction 15, which is directed to secondary meaning, was filed as a disputed instruction with the

---

[1] Deejayzoo also argues for the first time in the present motion that the Court should not have cancelled Deejayzoo's trademark registration after the jury verdict. Deejayzoo argues that it showed secondary meaning at the time of trial. Not only does the record not support this, but it is not the standard. *The Learning Internet v. Learn.com, Inc.*, 2009 WL 6059550, *34 (D. Or. 2009), *R&R adopted*, 2010 WL 1141351 (D. Or. 2010) (quoting *Harsco Corp. v. Elec. Scis. Inc.*, 9 U.S.P.Q.2d 1570, 1571–72 (T.T.A.B. 1988)); *Neapco Inc. v. Dana Corp.*, 12 U.S.P.Q.2d 1746, 1989 WL 274388, at *1 (T.T.A.B. 1989) ("even if there is agreement that, at present, the registered mark possesses secondary meaning, the petitioner would nevertheless prevail if it is established that as of the time of registration, the mark was merely descriptive and was devoid of secondary meaning"). In this case, Kitsch began using the asserted mark after registration. As Deejazoo failed to show secondary meaning at the time the alleged infringement began, this is also a finding there was no secondary meaning before that time as well, and cancellation is appropriate. Further, when the proposed judgement was filed in this case, Deejayzoo did not object to the cancellation, but only requested that the mark not be cancelled until all appeal rights have been exhausted.

1  Court along with the authority that was relied upon, ECF 305, pages 84–86 (attached
2  hereto as Exhibit A). Specifically, Kitsch relied on the following authority for its
3  proposed instruction: the Manual of Model Civil Jury Instructions for the District
4  Courts of the Ninth Circuit, Instruction 15.11; *Levi Strauss & Co v. Blue Bell, Inc.*, 778
5  F.2d 1352, 1358 (9th Cir. 1985); and *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*,
6  698 F.2d 786, 795 (5th Cir. 1983). Contrary to Deejayzoo's statement, Kitsch did not
7  just rely on or assert that the instruction was the standard Ninth Circuit Jury Instruction.
8  Several changes were made to the model instruction, based on the additional authority
9  cited and to make it specific to the issues in this case.[2]

Pursuant to this Court's Civil Case Standing Order, the parties are to file: (ii) one set of disputed jury instructions, which shall include a "redline" of any disputed language and/or the factual or legal basis for each party's respective position as to each disputed instruction. (ECF 11 at 60.) As Deejayzoo never objected to any of the language (factually or legally), or offer any alternative instruction, there were no substantive redlines in the joint submission.[3]

The language now complained about by Deejayzoo is that it believes secondary meaning has to be shown with respect to "a single source" and not with respect to the party asserting the trademark.[4] In the instruction as given, however, both standards are identified:

> A word or phrase acquires a secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective

---

[2] A comparison of the model instruction to the instruction submitted by Kitsch is attached hereto as Exhibit B.

[3] In the beginning of the instruction, there were some minor grammar corrections, but those were from earlier drafts exchanged by the parties. In any event, Deejayzoo's counsel never redlined or identified any language it found objectionable.

[4] Deejazoo apparently does not object to any of the other differences between the submitted instruction and the model instruction.

> consumers is not the product itself, but the identification of the product with a **single source**, regardless of whether consumers know who or what that source is. You must find that the preponderance of the evidence shows that a significant number of the consuming public associates THE SHOWERCAP REINVENTED or SHHHOWERCAP with three "h's" with DeeJayZoo in order to find that it has acquired secondary meaning.

(Exhibit A, ECF 305, p. 84, lines 9-16, emphasis added)

Irrespective of the fact that the single source language was in the instruction, the authority cited by Kitsch specifically supports the change complained of. In *Levi Strauss & Co v. Blue Bell, Inc*., 778 F.2d 1352, 1358 (9th Cir. 1985), which was relied upon and cited by Kitsch, the Ninth Circuit held:

> Factors considered in determining whether a secondary meaning has been achieved include: (1) whether actual purchase[r]s of the product bearing the claimed trademark associate the trademark **with the producer** (quoting *Transgo, Inc. v. AJAC Transmission Parts Corp*., 768 F.2d 1001, 1015 (9th Cir. 1985)) (emphasis added).
>
> ***
>
> The survey which the district court believed supported a finding of no secondary meaning was conducted for Strauss and was probative evidence that a substantial segment of the purchasing public did not associate the tab as used on shirts with a single source, *i.e.*, **Strauss** (emphasis added).[5]

In *Audio-Technica Corp. v. Music Tribe Com. My Sdn. Bhd.*, 2022 WL 1423223, at *4–5 (C.D. Cal. 2022), the Court denied a preliminary injunction finding that Audio-Technica's showing of secondary meaning in its trade dress was weak. With respect to

---

[5] Other cases from the Ninth Circuit are in accord. *See*, *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 930 (9th Cir. 2005) and G*rupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088. 1095 (9th Cir. 2004).

its evidence of sales and advertising volume, the court noted that "[b]eyond mere volume, Plaintiff makes no showing of any concrete association in the minds of consumers between the shape and design of the AT2020, on one hand, **and Audio-Technica as its manufacturer**, on the other hand." *Id*. at *4 (emphasis added). Addressing whether the product packaging had secondary meaning, the court explained that "Audio-Technica makes no concrete showing that any microphone consumer associates minimalist packaging with white backgrounds and clean product photos **with Audio-Technica in particular**." *Id*. at *5 (emphasis added).

> Additionally, the model instruction itself states:
>
> "Descriptive marks are protectable only to the extent you find they acquired distinctiveness [through secondary meaning] [[by the public coming to associate the mark with the **[owner of the mark]** [a particular source]]]."
>
> This language was also given to the jury in the instruction:
>
> Descriptive marks are protectable only to the extent you find they acquired distinctiveness through secondary meaning by the public coming to associate the mark with the **owner of the mark**. (Exhibit A, emphasis added).
>
> Surprisingly, Deejayzoo never actually objected to the language of this instruction with respect to THE SHOWERCAP REINVENTED—the argument it is trying to raise now. Deejayzoo's sole objection was:
>
> DeeJayZoo does not believe this instruction is needed because DeeJayZoo holds a valid registration to the mark SHHHOWERCAP (Exhibit A).
>
> It is submitted that the instruction was not erroneous and that the jury was properly instructed on this issue.

## III. DEEJAYZOO'S OBJECTION TO JURY INSTRUCTION NO. 15 WAS WAIVED UNDER RULE 51

The record in this case is clear—Deejayzoo never objected to any of the language of this instruction, did not propose changes to the instruction, and did not propose an alternate instruction.[6] Indeed, as set forth above, Deejayzoo didn't even object to this instruction with respect to the mark at issue. Deejayzoo's sole objection filed with the Court was that it felt no instruction on secondary meaning was necessary for the SHHHOWERCAP mark.

The Court considered Deejayzoo's objection to any instruction being given and on June 5, 2023, the day before trial, this Court ruled that Kitsch's Jury Instruction 15 on secondary meaning would be given to the jury: "Kitsch's proposed instruction, which is consistent with Ninth Circuit Model Civil Jury Instruction 15.11, will be given with modifications." (ECF 322 at 5.)

After this Court rejected Deejayzoo's request that no instruction be given, Deejayzoo had another opportunity to raise an objection to the language of the instruction despite its failure to do so earlier. Indeed, on day three of the trial, the Court discussed the jury instructions with counsel and gave counsel yet another opportunity to object. Defendant's counsel did not raise any new objections, instead reiterating it was sticking with its objection even though the Court had already ruled it would give the instruction:

> MR. SHAEFFER: Pursuant to Docket Reference 322, we object to what was plaintiff's instruction 14, 15, and 16 for the reasons stated in our objections. (3 RT at 130:2-8.)

Objections to jury instructions must be made in accordance with the requirements of Fed. R. Civ. P. 51 or they are waived. In this case, there is no dispute—no objection was ever made to the language of the instruction by Deejayzoo despite numerous

---

[6] Deejayzoo specifically did so with respect to other instructions. (ECF 305.)

opportunities to do so. In particular, under Rule 51(c)(2)(B), Deejayzoo could have objected to the language of the instruction once the Court rejected its objection to any instruction being given, but did not do so.[7] Under Rule 51 and Ninth Circuit precedent, Deejayzoo waived its objection to the language of this jury instruction.

In *Zhang v. Am. Gem Seafoods, Inc.*, the Ninth Circuit set forth how objections to instructions need to be preserved: "Under the Federal Rules of Civil Procedure, in order to preserve objections against jury instructions, a party must "stat[e] distinctly the matter objected to *and the grounds of the objection*." 339 F.3d 1020, 1030 (9th Cir. 2003) (emphasis in original); Fed. R. Civ. P. 51; *see also Hammer v. Gross*, 932 F.2d 842, 847 (9th Cir. 1991) (*en banc*) (noting that the Ninth Circuit "has enjoyed a reputation as the strictest enforcer of Rule 51"). The court then held that because "[t]he appellants never objected on the grounds" for which they now complain of error, "[t]hey have waived any argument" based on those grounds. Accordingly, timely objecting to an instruction does not preserve a post-trial objection to the instruction based on different grounds. *See Bollinger v. Oregon*, 305 F. App'x 344, 345 (9th Cir. 2008) ("Bollinger waived his arguments . . . that the specific wording of the district court's qualified immunity instruction was flawed, because he did not object at trial to the jury instructions on those specific bases."); *Jerden v. Amstutz*, 430 F.3d 1231, 1236 n.4 (9th Cir. 2005) ("Because Plaintiffs did not object to the wording of the instruction, their challenge to the ambiguous language is waived. Fed.R.Civ.P. 51."); *Coach, Inc. v. Celco Customs Servs. Co.*, 2014 WL 12573411, at *26 (C.D. Cal. 2014) (despite objecting to the proposed instruction, "defendants did not object to the omission of [certain] language from the court's final instructions[ and] thus waived any objection to the instructions on this basis"); *Mathew Enter., Inc. v. Chrysler Grp. LLC*, 250 F. Supp. 3d 409, 422–23 (N.D. Cal. 2017), *aff'd*, 738 F. App'x 569 (9th Cir. 2018)

---

[7] Under Rule 51(a)(2), Deejayzoo could have even raised an objection at the close of the evidence, but did not do so.

(denying motion for new trial on ground that a jury instruction was confusing because the party "failed to present 'confusion' as a basis for challenging the instruction before the instant motion, and ha[d] thus waived the argument").

Deejayzoo had ample opportunity to object to the language of Jury Instruction 15 on secondary meaning. Deejayzoo made the tactical decision to go "all or nothing" with respect to the instruction. Its only objection was that no instruction should be given. It never objected on the grounds it now alleges. Even after losing its request for no instruction, it still didn't object to the language of the instruction or offer an alternate instruction. Based on the arguments made in its reply brief and the record of this case, it is a fair inference that counsel for Deejayzoo didn't even read this instruction until recently. Recognizing there is no one to blame but itself, counsel now argues that Kitsch's counsel had some type of bad intent and asks this Court to excuse its failure to properly object. Kitsch's counsel was not trying to mislead the Court or anyone else, and, as set forth above and in the actual record, the instruction given by the Court was appropriate. As Deejayzoo never raised a timely objection to the language of this jury instruction, this objection is waived under Rule 51.[8]

## IV.   EVEN IF THE JURY INSTRUCTION WAS SOMEHOW ERRONEOUS, IT IS NO BASIS TO SET ASIDE THE VERDICT OR FOR A NEW TRIAL

Even if the jury instruction is deemed to be erroneous, it is not a basis to grant Defendant's motion. Defendant's proofs regarding secondary meaning were so unconvincing that it would not have mattered whether the language should be as

---

[8] Deejayzoo's argument is also untimely and waived for being raised for the first time in a reply brief. *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 344 (C.D. Cal. 2016) ("In his Reply, Hoffman raises for the first time an additional request for relief… Even without Blattner's objection, the Court would have disregarded *sua sponte* Hoffman's late request for relief because it was raised for the first time in Plaintiff's Reply.") (citing *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012)).

Deejayzoo now asserts. Additionally, the instructions as a whole included the "single source" language raised by Deejayzoo. Deejayzoo offers no evidence that the jury would have come to a different result if the instruction was different. The bar for relying on an alleged erroneous jury instruction ("plain error") is extremely high, and Deejayzoo simply cannot meet that burden.

Where a party does not preserve its objection to a jury instruction, a court is limited to reviewing the instructions for plain error. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1072 (9th Cir. 2020). Recognizing that stakes are lower in civil proceedings, the Ninth Circuit has held that the plain error standard under Rule 51 is applied very strictly. *C.B. v. City of Sonora*, 769 F.3d 1005, 1018 (9th Cir. 2014). Further, the decision to correct a plain error under Rule 51(d)(2) is discretionary, and the Ninth Circuit instructs courts to correct errors "only if 'review is needed to prevent a miscarriage of justice, meaning that the error seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 1018–19. And "[r]are is the case where the district court's errors are so grave as to 'seriously impair[ ] the fairness, integrity, or public reputation of judicial proceedings.'" *Skidmore*, 952 F.3d at 1073–74.[9]

Moreover, if a particular given instruction includes an error, but the instructions as a whole properly convey the gist of the law, that too weighs against correction. *See K.J.P. v. Cnty. of San Diego*, 621 F. Supp. 3d 1097, 1137 (S.D. Cal. 2022) ("the adequacy of jury instructions is not determined by the giving of any one instruction, but by examining the instructions as a whole.") (quoting *United States v. Ancheta*, 38 F.3d 1114, 1116 (9th Cir. 1994)); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) ("Taken as a whole,

---

[9] Therefore, even where plain error is found, several factors may nonetheless weigh against disturbing the jury's verdict. If a corrected instruction would not convince the jury to reach a contrary conclusion, the court "cannot conclude that [the given instruction] produced a miscarriage of justice." *Id.* at 1073. In other situations, the cost of correcting the error may weigh against correction, such as where the litigation had been lengthy. *Id.*

the instructions given by the district court do 'fairly and correctly' cover the proper legal standard" despite the fact that one "instruction, taken in isolation, does not fully state the applicable law"); *United States v. Porter*, 967 F.2d 595, 1992 WL 133122, at *3 (9th Cir. 1992) ("In light of the additional statements made by the district court" explaining the legal standard, "overall the instruction sufficiently conveyed the gist of the [] standard so that the particular phraseology employed does not amount to plain error"). This is in accord with precedent that "'[p]lain error' will be found only if the error was 'highly prejudicial' and there was a 'high probability that the error materially affected the verdict.'" *United States v. Washington*, 962 F.2d 16, 1992 WL 92725, at *2 (9th Cir. 1992).

While Kitsch does not believe there was an error in this jury instruction, if there was, it was not highly prejudicial and there was not a high probability that the error materially affected the verdict. There was no miscarriage of justice and the instructions, taken as a whole, clearly convey what Deejayzoo claims is the standard.

## V.   CONCLUSION

Deejayzoo's objection regarding Jury Instruction 15 is without merit, untimely and waived, and should be rejected by the Court.

Dated:  October 20, 2023               Respectfully submitted,

By: /s/ Mark A. Cantor
Mark A. Cantor (Pro Hac Vice)
mcantor@brookskushman.com
Marc Lorelli (Pro Hac Vice)
mlorelli@brookskushman.com
Rebecca J. Cantor (Pro Hac Vice)
rcantor@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
T: (248) 358-4400/F: (248) 358-3351

*Attorneys for Plaintiff*